O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | Case No. | CV 07-4936 CAS |
| ) | Case No. | CR 03-406(B) CAS |
| Plaintiff(s), ) | | |
| ) | | |
| vs. ) | ORDER | |
| ) | | |
| PAUL AMORELLO, ) | | |
| ) | | |
| Defendant(s). ) | | |
| ) | | |
| _____ ) | | |

      Petitioner Paul Amorello was found guilty by a jury of conspiracy in violation of 18 U.S.C. § 371, bank fraud in violation of 18 U.S.C. § 1344(1), social security fraud in violation of 42 U.S.C. § 408(a)(7)(B), structuring in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I). The jury also found against him and in favor of the government on two criminal forfeiture counts.

      Petitioner now moves pursuant to 28 U.S.C. § 2255 to set aside his sentence, claiming that he was deprived of effective assistance of counsel because of his attorney's alleged failure to file a notice of appeal.[1]

---

    [1]  In his petition, petitioner also claims, in conclusory fashion, that (1) his attorney
(continued...)

# FACTS

On June 1, 2005, petitioner was found guilty by a jury of all counts with which he was charged. (Docket No. 191). On or about June 2, 2005, after the jury announced its verdict, petitioner testified in the forfeiture phase of his criminal trial. (Declaration of Cornell J. Price ("Price Decl.") ¶ 2). On or about June 7, 2005, the jury announced its verdict for the government and against petitioner on the two forfeiture counts in the second superseding indictment. (Docket No. 197). On July 24, 2006, petitioner was sentenced. (Docket No. 275). On August 1, 2006, the original Judgment and Probation/Commitment Order was entered. (Docket No. 276).

After he was found guilty, but before his sentencing on July 24, 2006, petitioner advised his attorney, Cornell J. Price, at least once that he did not want to appeal. Petitioner appeared to be concerned that (a) any appeal he might file might be consolidated with an appeal by his wife and co-defendant Mi Suk Yi; and (b) the testimony he had given in the forfeiture phase, including admissions he had made, might adversely affect his wife's

---

[1](...continued)
failed to challenge his sentence at the sentencing hearing; (2) his sentence was illegal; (3) his rights under the Due Process Clause, Equal Protection Clause, and <u>United States v. Booker</u> were denied; (4) the jury instructions were unconstitutional; (5) the evidence was insufficient; and (6) the government committed prosecutorial misconduct. Petition at 5, Attachment. In his Supplemental Motion Pursuant to Rule 15(a), petitioner claims, in conclusory fashion, that (1) there was a coerced and compelled confession; (2) the sentence violated the Eighth Amendment; (3) his Due Process rights were violated because he did not receive a 3-level reduction for acceptance of responsibility (after contesting the government's case on liability and forfeiture at trial); and (4) there was a sentencing disparity with his co-defendant. Supplemental Motion at 1-2. However, petitioner alleges no facts whatsoever to support any of these claims, nor does petitioner explain how any of these violations supposedly occurred. The Court notes from its detailed understanding of the record that none of these claims has merit. There was no coerced confession. There was no insufficiency of evidence. The evidence supporting the jury's verdict was overwhelming. Petitioner's sentence was within the advisory guideline range. The sentencing disparity with his wife and co-defendant resulted from a consideration of 18 U.S.C. § 3553(a) factors, and because when defendant went to trial he was not eligible for a 3-level reduction in his offense level.

appeal. (Price Decl. ¶ 3).

On July 24, 2006, immediately after he was sentenced, petitioner told Price that he wanted to speak with Price. Price and petitioner met in the lock-up area in the United States Courthouse (the same building in which petitioner was sentenced). At that time, petitioner reiterated to Price that he did not want to appeal. (Price Decl. ¶ 4).

On August 2, 2006, at about 11:20 a.m., petitioner called Price's office. Price was not in, but his secretary, Maria Corpuz, answered the phone. Part of Corpuz's regular duties as Price's secretary includes filing notices of appeal for Price's clients in criminal cases, when the clients ask Price to do so. Petitioner told Corpuz to take down three points in a message to give to Price, including that Price should not file a notice of appeal of his conviction or his sentence. On the telephone, Corpuz repeated the three points back to petitioner, including the instruction not to file a notice of appeal. Petitioner was very clear that Price and Corpuz should not file a notice of appeal of his conviction or sentence. Corpuz took down petitioner's three points in a written message that she left on Price's desk. (Declaration of Maria Corpuz ("Corpuz Decl.") ¶¶ 2-5; Ex. A; Price Decl. ¶ 5).

At some time after August 2, 2006, but before the time for petitioner to file a notice of appeal had run, petitioner called Price's office again. This time, Price was in the office and took petitioner's call. Price told petitioner that Price had received petitioner's message of August 2. Petitioner reiterated that he did not want to appeal. Price instructed Corpuz not to file a notice of appeal. (Price Decl. ¶ 7; Corpuz Decl. ¶ 7).

Petitioner never told Price that he wanted to appeal. All of petitioner's instructions to Price (both those directly to Price as well as the message left with Corpuz) were consistently not to appeal. (Price Decl. ¶ 8).

## ANALYSIS

A petitioner claiming ineffective assistance of counsel under the Sixth Amendment must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the petitioner. Roe

v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 668, 688, 695 (1984)). This test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. Roe, 528 U.S. at 477.

In Roe, the Supreme Court refused to hold, "as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." Roe, 528 U.S. at 479 (emphasis in original). The Supreme Court rejected any "bright-line rule that counsel must always consult with the defendant regarding an appeal." Id. at 480. Instead, the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. See also Sarroca v. United States, 250 F.3d 785, 788 (2d Cir. 2001) (affirming denial of Section 2255 petition and finding no inadequate performance where, among other things, attorney stated in an affidavit that the defendant never requested an appeal).

Here, it is even clearer than in Roe and Sarroca that Price did not provide constitutionally ineffective assistance of counsel to petitioner. In Roe, it was unclear what the defendant and his attorney discussed on the subject of an appeal, what advice the attorney may have provided on that subject, and whether the attorney had made a reasonable effort to ascertain whether the defendant wanted to appeal. Roe, 528 U.S. at 487. In Sarroca, the defendant's attorney stated in an affidavit that the defendant never asked for an appeal, but the attorney did not state or provide evidence that the defendant affirmatively instructed him not to appeal. Sarroca, 250 F.3d at 786.

In this case, in contrast, there is clear evidence -- including contemporaneous documentary evidence -- that petitioner affirmatively instructed Price not to appeal. According to Price, petitioner gave him that instruction before sentencing (Price Decl. ¶ 3), immediately after sentencing (Price Decl. ¶ 4), on August 2, 2006 (by a phone message, Price Decl. ¶ 5), and again by telephone before the time to appeal had run (Price Decl. ¶

7). Corpuz confirms that on August 2, 2006, petitioner instructed her to tell Price not to appeal his conviction or his sentence, and that she relayed that instruction to Price. (Corpuz Decl. ¶¶ 3-6). Most tellingly, Corpuz and Price kept the written phone message that Corpuz took of her August 2 phone conversation with petitioner. (Corpuz Decl., Ex. A). The phone message clearly states: "Do not file a notice of appeal either of sentence or conviction." (Corpuz Decl., Ex. A).

Clearly, by not filing a notice of appeal for petitioner, Price did not provide ineffective assistance of counsel. Instead, he followed the clear and explicit instruction of his client. Petitioner's present claims to the contrary have no basis in fact.

## CONCLUSION

For the foregoing reasons, the Court denies petitioner's Section 2255 motion.[2]

IT IS SO ORDERED.

Date: August 8, 2008

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

---

[2] It is not clear whether petitioner seeks to have an evidentiary hearing, but based on the record before the Court, the Court concludes that an evidentiary hearing is not warranted.